UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Andrew James Gibbons,<br><br>　　　　　Petitioner,<br><br>v.<br><br>Tom Roy,<br><br>　　　　　Respondent. | Case No. 18-cv-914 (DWF/HB)<br><br><br>**REPORT AND<br>RECOMMENDATION** |

Andrew James Gibbons, 247670, MCF Moose Lake, 1000 Lake Shore Drive, Moose Lake, MN 55767, *pro se*

Anna Light and Heather Dawn Pipenhagen, Dakota County Attorney's Office, 1560 Highway 55, Hastings, MN 55125, for Defendants

Edwin William Stockmeyer, III and Matthew Frank, Minnesota Attorney General's Office, Bremer Tower, Suite 1800, 445 Minnesota Street, Saint Paul, MN 55101, for Defendants

HILDY BOWBEER, United States Magistrate Judge

This matter is before the Court on Petitioner Andrew James Gibbons's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody ("Petition") [Doc. Nos. 1, 1-1],  Motion to Expand the Record ("Second Motion to Expand") [Doc. No. 30], Motion to Consider Supporting Memorandum to Respondent's Answer and to Supplement and Amend, in part, the § 2254 Memorandum ("Motion to Consider") [Doc. No. 33], Motion to Request Appointment of Essential Expert and Investigator ("Second Motion to Request Appointment") [Doc. No. 35], Motion to

1

Accept Amended Pleadings via Local Rule 15.1 (a) and (b) (Amended) [Doc. No. 38], and Motion to Accept Amended Pleadings via Local Rule 15.1 (a) and (b) (Strikethrough) [Doc. No. 39].[1] This matter has been referred to the undersigned pursuant to 28 U.S.C. § 636 and District of Minnesota Local Rule 72.1. For the reasons stated below, the Court recommends that the Motion to Consider be granted, but that the remaining motions be denied and the Petition be dismissed.

## I. BACKGROUND

In 2015, after pleading guilty to criminal sexual conduct in the first degree in violation of Minnesota Statutes § 609.342(a), Gibbons was given a 144-month sentence. *See* (Pet. [Doc. No. 1] at 1.[2]) After being imprisoned for approximately ten months, Gibbons filed a *pro se* petition for postconviction relief in state court. *See* (Addendum [Doc. No. 26 at 78–110].) Specifically, Gibbons asked that his guilty plea be vacated because it was not accurate and that the "facts do not support a conviction of Criminal Sexual Conduct in the First Degree." *See* (*id.* at 79); *see also* (*id.* at 113.) In support, Gibbons stated "the 'exception phrase' in 609.341 was ignored in the prosecution and conviction of the case before the court rendering my *Plea Inaccurate*." (*Id.* at 84 (emphasis in original).) Gibbons then argues at length why he believes he should not have been charged with a first-degree offense and why his sentence should be set aside. *See, e.g.*, (*id.* at 86–91.) Gibbons also requested an evidentiary hearing. *See generally*

---

[1] The Court treats the Motion to Accept Amended Pleadings via Local Rule 15.1 (a) and (b) (Amended) and Motion to Accept Amended Pleadings via Local Rule 15.1 (a) and (b) (Strikethrough), as one motion to amend, and references them as such.

[2] When referencing the submissions by the parties, CM/ECF pagination is used.

(*id.* at 92–93.) Gibbons requested the hearing because he "want[ed] the Judge to explain . . . the 'exception phrase' in 609.341 and why one clause (subd. 12(1) or subd. 12(2)) is chosen over the other." (*Id.* 92.) Gibbons then resumes his arguments as to why his conduct did not comport with his understanding of the statute under which he was sentenced. *See generally* (*id.* at 94–110.) At no point in this petition for postconviction relief does Gibbons raise the effectiveness of his counsel as a basis for postconviction relief. Finding that "the factual basis was adequate for the charge for which he was convicted," the state court denied Gibbons's petition for postconviction relief. *See* (*id.* at 114); *see also* (*id.* at 113–17.)

Thereafter, Gibbons filed a second petition for postconviction relief, and it was in this petition that he first raised the ineffective assistance of his counsel as grounds for relief. *See generally* (*id.* at 136–224.) Gibbons's second petition for postconviction relief was denied for multiple reasons. *See* (*id.* at 225–27.) First, the court found Gibbons's arguments regarding the effectiveness of his counsel were barred under *State v. Knaffla*, 243 N.W.2d 737, 741 (Minn. 1976). *See* (*id.* at 226.) Second, the court concluded that Gibbons "failed to meet his burden of proof that his counsel was ineffective." (*Id.*) Gibbons appealed this to the Minnesota Court of Appeals. *See generally* (*id.* at 228–58.) Finding that "the district court did not abuse its discretion in denying appellant's petition on *Knaffla* grounds," the Minnesota Court of Appeals affirmed the denial of Gibbons's second petition for postconviction relief. *See* (*id.* at 279.) Gibbons then petitioned the Minnesota Supreme Court for review, which was denied. *See* (*id.* at 285–308, 312.)

3

In his instant Petition, Gibbons raises three grounds for relief: 1) "Ineffective counsel as Counsel did not investigate mental health aspects of this case"; 2) "Petitioner did not acquiesce to implications of mens rea by Counsel"; and 3) "Counsel did not advise Petitioner of the Mandatory Minimum when Counsel advised Petitioner to Plead Guilty." *See* (*id.* at 5–9.)

Along with his Petition, Gibbons filed a Motion for Appointment of Legal Experts and Investigators ("First Motion to Request Appointment") [Doc. No. 5], and Motion to Expand the Record ("First Motion to Expand") [Doc. No. 8]. The Court denied these motions without prejudice because it was too early in the proceeding to consider the appropriateness of the motions. *See* (May 23 Order [Doc. No. 20 at 2].) At the same time, Gibbons also filed a Motion to Stay and Abeyance [Doc. No. 3], which the Court denied premised on Gibbons's failure to demonstrate "good cause for his failure to raise in state court any unexhausted claims." (*Id.*) As part of this Order, the Court instructed the parties that "no further submissions from either party will be permitted, except as expressly authorized by Court order." (*Id.* at 1.)

In his Second Motion to Expand, Gibbons requests that the same exhibits subject to his First Motion to Expand be considered in the context of his Petition. *See generally* (Mem. in Supp. of Second Motion to Expand [Doc. No. 31].) Specifically, Gibbons would like the to Court to consider letters to his trial counsel and medical records to further substantiate his ineffective assistance of counsel ground for habeas relief. *See* (*id.* at 2.)

4

With respect to his Motion to Consider, Gibbons does not argue why the Court should consider additional submissions. *See generally* (Mot. to Consider Mem; Mem. in Supp. of Mot. to Consider [Doc. No. 34].) Instead, Gibbons appears to be arguing the merits of his Petition and other motions. *See generally* (Mem. in Supp. of Mot. to Consider.) For example, Gibbons asserts "Claim #1 (Counsel's Failure to Investigate) is Arguably Exhausted," and he argues that his request to withdraw grounds two and three should be granted because "Presentation to the State Court is Futile/State Statute Expressly Forecloses Relief on Claims Two and Three." (Mem. in Supp. of Mot. to Consider Mem. at 2); *see also* (Mot. to Consider Mem. at 1.)

Finally, with respect to Gibbons's Second Motion to Request Appointment, Gibbons request is two-fold: 1) Gibbons "is requesting Legal Experts to conclude that Counsel's Investigation was 'un-reasonable' since Counsel was indeed notified of Mental Problems and Counsel never investigated Mental Problems from the time of the offense"; and 2) Gibbons "is requesting an Investigator to procure from Defense Counsel a written Statement Authenticating the Originality of the Letters to and from Counsel in the Exhibits per Federal Rule of Evidence 1007." *See* (Mem. in Supp. of Second Mot. to Request Appointment [Doc. No. 36 at 2].)

5

**II.   DISCUSSION**[3]

As an initial matter, the Court addresses Gibbons's motion to consider his additional submissions. As mentioned above, the parties were under express instructions not to file additional material with the Court relating to the Petition without first receiving leave to do so. *See* (May 23 Order at 1.) The Court is unsure why Gibbons attempted to file further arguments pertaining to the merits of his Petition and other motions without first obtaining leave to file them. *See generally* (Mem. in Supp. of Mot. to Consider.) Nevertheless, the Court must construe *pro se* filings liberally. *See, e.g.*, *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Spencer v. Haynes*, 774 F.3d 467, 471 (8th Cir. 2014); *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004); *Miller v. Norris*, 247 F.3d 736, 739 (8th Cir. 2001). Therefore, out of an abundance of caution, the Court recommends that this motion be granted, and the Court will consider Gibbons's other motions in the context of this Report and Recommendation.

The Court addresses Gibbons's remaining submissions in this order: 1) Second Motion to Expand; 2) Petition; 3) Motion to Amend; and 4) Second Motion to Request Appointment.

---

[3] Gibbons raises numerous arguments in his various submissions. The Court does not explicitly address all of them in this Report and Recommendation, but has reviewed and considered each of them and has addressed those that are of consequence to his Petition and motions. None of Gibbons's other arguments change the Court's conclusions or recommendations.

### A. Second Motion to Expand

#### 1. Legal Standard

"Federal courts may . . . supplement the state record only in extraordinary circumstances because of the obligation to defer to state courts' factual determinations." *Hall v. Luebbers*, 296 F.3d 685, 700 (8th Cir. 2002). "Rule 7 of the Rules Governing Habeas Corpus Cases under Section 2254, . . . provides that '[i]f the petition is not dismissed, the judge may direct the parties to expand the record by submitting additional materials relating to the petition.'" *Mark v. Ault*, 498 F.3d 775, 788 (8th Cir. 2007). In other words, "[w]hen a petitioner seeks to introduce evidence pursuant to this rule, the conditions prescribed by § 2254(e)(2) must still be met." *Id.*; *see also Cox v. Burger*, 398 F.3d 1025, 1030 (8th Cir. 2005) ("A habeas petitioner must develop the factual basis of his claim in the state court proceedings . . . unless he shows that his claim relies upon a new, retroactive law, or due diligence could not have previously discovered the facts."). 28 U.S.C. § 2254(e) states in pertinent part:

> (2) If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that—
>
> (A) the claim relies on—
>
> (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
>
> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no

reasonable factfinder would have found the applicant guilty of the underlying offense.

### 2. Analysis

Here, Gibbons is attempting to expand the record with additional facts that were known but not presented to the state courts as part of Gibbons's attempts at obtaining postconviction relief. For example, exhibits twelve to twenty-two are "additional Letters to Counsel where Petitioner addressed mental Health and specifically requested to Withdraw the Guilty Plea due to expected potentially exonerating evidence" and "[a]dditional Psychiatric evidence . . . prior to the offense timeframe." (Second Mot. to Expand at 2.) In support of his Second Motion to Expand, Gibbons does not provide any rationale under 28 U.S.C. § 2254 as to why the Court should accept these filings—and the Court can think of none. *See generally* (Mem. in Supp. of Second Mot. to Expand [Doc. 31].) Instead, Gibbons asserts that he "did not default on [his] obligation to develop the factual basis of [his] claim." *See* (*id*. at 7.) He argues that he requested an evidentiary hearing, and that by denying his request, the state court prevented him from developing the factual record. *See* (*id.*) Finally, Gibbons states "the only reason these documents were not originally provided in the Second Round of Post Conviction Petitions is because [Gibbons] believed [he] had presented enough evidence to win an Evidentiary Hearing." (*Id.* at 12.) These arguments, however, fail.

Gibbons relies heavily on *Cargle v. Mullin*, 317 F.3d 1196, 1209 (10th Cir. 2003), but that case is inapposite to the facts here. In *Cargle*, the Tenth Circuit determined that the state court's finding that the petitioner's claims were procedurally defaulted rested on

8

inadequate state grounds. *Id.* As a result, the Tenth Circuit held that the petitioner did not trigger the threshold condition in 28 U.S.C. § 2254(e)(2) with respect to failing to develop the factual basis for his claim in state court. *Id.* Here, as will be discussed in more detail below, that is not the case. *See infra* at 12–16. The state's application of *Knaffla* was appropriate and has been deemed an adequate state ground. *See Murray v. Hvass*, 269 F.3d 896, 898–901 (8th Cir. 2001) (concluding that *Knaffla*'s procedural bar is firmly established and consistently followed). Therefore, the triggering condition is met, and Gibbons must make the requisite showing under 28 U.S.C. § 2254(e)(2) to warrant expansion of the record. *See Williams v. Taylor*, 529 U.S. 420, 435 (2000) (discussing the "fault component" of 28 U.S.C. § 2254(e)(2)).

The Court finds that Gibbons has failed to make that showing. Gibbons has provided neither arguments nor evidence to demonstrate that his ineffective assistance ground was based on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable" or on "a factual predicate that could not have been previously discovered through the exercise of due diligence" as required by 28 U.S.C. § 2254(e)(2)(A).

As for the first of those two possible bases under § 2254(e)(2), Gibbons premises his argument for habeas relief on *Strickland v. Washington*, 466 U.S. 668 (1984), a case that pre-dates his conviction by more than three decades. *See generally* (Pet. [Doc. No. 1-1].) He cites only one case that post-dates his sentence: *Lee v. United States*, 137 S. Ct. 1958 (2017). *See generally* (*id.*) But Gibbons's reliance on *Lee* in this context is problematic for two reasons. First, nothing in *Lee* suggests that the holding was designed

9

to apply retroactively.  *See Tyler v. Cain*, 533 U.S. 656, 662–68 (2001) (citing cases and discussing the ways in which a Supreme Court holding is a retroactive one).  Second, and related to the first, Gibbons is citing *Lee* for the proposition that a petitioner can show prejudice on the basis of counsel's error at the plea stage of a criminal proceeding.  *See* (Pet. [Doc. No. 1-1 at 41–42].)  But *Lee* relies on *Hill v. Lockhart*, 474 U.S. 52 (1985), for this principle of law.  *See Lee*, 137 S. Ct. at 1965.  In other words, Gibbons's arguments are not premised on a new Supreme Court holding made retroactive, but on established caselaw that existed at the time that he filed his petitions for postconviction relief.

As to the second possible basis for expanding the record under § 2254(e)(2), the "new" facts that Gibbons now wants the Court to consider were—as already discussed—known by him and in his possession at the times he petitioned the state courts for postconviction relief.  In addition, the Court notes that Gibbons misunderstands his burden in this respect.  When filing his documents in connection with his second petition for postconviction relief, his task was not to present sufficient evidence to "win an Evidentiary Hearing."  *See* (Mem. in Supp. of Second Mot. to Expand at 12.)  Instead, Gibbons was required to demonstrate why *Knaffla* should not bar the grounds in his second petition for postconviction relief because he failed to raise those grounds in his first petition for postconviction relief.  *See, e.g.*, *Nissalke v. State*, 861 N.W.2d 88, 94 n.4 (Minn. 2015) (stating applicable exceptions to the *Knaffla* bar).  Gibbons failed to do so. *See, e.g.*, (Addendum at 226, 279–84.)  Under the circumstances, the state court should not—and correctly did not—consider these submissions.  Consequently, the Court

recommends that Gibbons's Second Motion to Expand be denied.

### B.    Gibbons's Petition

Typically, a court should address a motion to amend before addressing the pleading that is to be amended on the basis of the motion. *See, e.g.*, *Pure Country, Inc. v. Sigma Chi Fraternity*, 312 F.3d 952, 956 (8th Cir. 2002). That is because amendments may correct deficiencies in the original pleading or render the original pleading without legal effect. *See, e.g.*, *In re Atlas Van Lines, Inc.*, 209 F.3d 1064, 1067 (8th Cir. 2000). Here, however, Gibbons's amendments are ones of subtraction, not addition—he acknowledges that his second and third grounds are procedurally defaulted, and seeks to remove those grounds from his Petition for that reason. *See* (Mem. in Supp. of Mot. to Consider at 2, 4, 7.)  As a result, the Court first addresses the grounds in Gibbons's Petition and then addresses his Motion to Amend to consider whether allowing him to withdraw grounds two and three is warranted.

### 1.    Legal Standard

An application for writ of habeas corpus is only available to those in custody who have exhausted their available state remedies. *See* 28 U.S.C. § 2254(b)–(c).  Exhaustion is a federal requirement that "is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).  As a result, "state prisoners must give the state courts one full opportunity to resolve any [federal] constitutional issues by invoking one complete round of the State's established appellate review process." *Id.*  Stated differently:

11

> [b]efore seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, thereby giving the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights. To provide the State with the necessary opportunity, the prisoner must fairly present his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim.

*Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citations and internal quotation marks omitted). Fair presentation of a claim occurs when "the state court rules on the merits of his claims, or if [the petitioner] presents his claims in a manner that entitles him to a ruling on the merits." *Gentry v. Lansdown*, 175 F.3d 1082, 1083 (8th Cir. 1999) (citing *Castille v. Peoples*, 489 U.S. 346, 351 (1989)). That is, "[i]n order to fairly present a federal claim to the state courts, the petitioner must have referred to a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue in a claim before the state courts." *McCall v. Benson*, 114 F.3d 754, 757 (8th Cir. 1997) (emphasis added) (internal quotation marks omitted).

In situations where a claim is unexhausted but no state court remedy exists because, for example, procedural rules would prevent further attempts at exhaustion, the claim is considered procedurally defaulted. *See, e.g.*, *Murphy v. King*, 652 F.3d 845, 848–50 (8th Cir. 2011) (holding that petitioner procedurally defaulted on his Eighth Amendment claims because they were not properly raised in state court and were therefore barred under *Knaffla*). Whether a federal habeas claim is procedurally defaulted is a question of state law. *See Armstrong v. Iowa*, 418 F.3d 924, 926 (8th Cir. 2005) (stating that "if no state court remedy is available for the unexhausted claim" federal

courts cannot conduct "review of the defaulted claim" (internal quotation marks omitted)). As a result, when a claim is procedurally defaulted, federal courts are prevented from adjudicating the claim on the merits unless a petitioner can demonstrate both good cause for the failure and prejudice resulting therefrom, or "that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991) (internal quotation marks omitted).

### 2. Analysis

None of Gibbons's grounds for habeas relief were articulated in his first petition for postconviction relief, and he has not explained his failure to do so. As a result, each of Gibbons's grounds for relief are procedurally defaulted under *Knaffla*. *See Knaffla*, 243 N.W.2d at 741 (stating "where direct appeal has once been taken, all matters raised therein, and all claims known but not raised, will not be considered upon a subsequent petition for postconviction relief"); *see also Brown v. State*, 746 N.W.2d 640, 642 (Minn. 2008) ("*Knaffla* similarly bars postconviction review of claims that could have been raised in a previous postconviction petition.").

Gibbons argues that his first ground for habeas relief was exhausted and therefore is not procedurally defaulted because the state court reached the merits of his argument. *See* (Mem. in Supp. of Mot. to Consider at 12–13.) Gibbons's arguments are unpersuasive. Gibbons asserts that because the state court on his second postconviction petition addressed the merits of his federal constitutional claim of ineffective assistance of counsel, this ground was exhausted and may therefore be considered in the instant Petition—notwithstanding the state court's application of *Knaffla* to deny his second

postconviction petition. *See* (*id.*) But the operative question is not whether a state court reached the merits of the federal issue, but whether the state court relied on an independent and adequate state procedural rule to bar relief. *See Reagan v. Norris*, 279 F.3d 651, 656 (8th Cir. 2002) ("In evaluating a petition for federal habeas corpus relief, a district court is precluded from considering any issue that a state court has already resolved on an independent and adequate state law ground."). Here, that is exactly what happened. The state court expressly determined that Gibbons's second postconviction petition was barred under *Knaffla* and the Minnesota Court of Appeals affirmed that determination. *See* (Addendum at 225–27, 278–84.) The Minnesota Supreme Court denied review, rendering the court of appeals decision the final decision for the purposes of this analysis. *See* (*id.* at 312); *see also Gonzalez v. Thaler*, 565 U.S. 134, 154 (2012) ("We can review, however, only judgments of a state court of last resort or of a lower state court if the state court of last resort has denied discretionary review." (internal quotation marks omitted)).

      Gibbons relies on *Harris v. Reed*, 489 U.S. 255 (1989). But *Harris* does not help him here. In *Harris*, the Supreme Court extended to habeas petitions its "plain statement" requirement regarding direct review of state court decisions decided on both state and federal grounds. *See* 489 U.S. at 257–66. Specifically, *Harris* determined that federal courts considering habeas petitions cannot decide "issue[s] of federal law on direct review from a judgment of a state court if that judgment rests on a state-law ground that is both 'independent' of the merits of the federal claim and an 'adequate' basis for the court's decision." *Id.* at 260. That is, regardless of whether Gibbons "exhausted" his

ineffective assistance of counsel ground for federal habeas relief, that ground was independently held to violate the procedural rule established in *Knaffla*. Thus, if *Knaffla* is an "'adequate' basis for the court's decision," Gibbons procedurally defaulted his ineffective assistance of counsel ground. *Id.*

A state procedural rule is adequate "only if it is a 'firmly established and regularly followed state practice.'" *Barnett v. Roper*, 541 F.3d 804, 808 (8th Cir. 2008) (quoting *James v. Kentucky*, 466 U.S. 341, 348–49 (1984)). In the Eighth Circuit, it is well settled that *Knaffla* meets this test. *See Murray*, 269 F.3d at 899–900. Accordingly, Gibbons's ineffective assistance of counsel ground is procedurally defaulted unless he can show the default should be excused by "demonstrat[ing] cause and prejudice for the default." *Armstrong*, 418 F.3d at 926 (internal quotation marks omitted).

Gibbons argues that ineffective assistance of counsel "can be 'Cause' excusing Procedural Default." *See* (Mem. in Supp. of Mot. to Consider at 13.) Gibbons cites *Murray v. Carrier*, 477 U.S. 478 (1986), and *Bailey v. Mapes*, 358 F.3d 1002 (8th Cir. 2004) in support. *See* (*id.*) But these cases do not stand for the propositions for which Gibbons cites them. *Murray* held that "the existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded [his] efforts to comply with the State's procedural rule." *Murray*, 477 U.S. at 488. Thus, Gibbons must show that he procedurally defaulted on his grounds for habeas relief because of something for which he was not responsible. But Gibbons filed both of his postconviction petitions *pro se*; therefore, Gibbons cannot blame the alleged ineffective assistance of his counsel at trial for Gibbons' own failure to comply

15

with *Knaffla* on appeal.

*Bailey* is not helpful to Gibbons here, either. The court in that case held that "[a]lthough constitutionally ineffective assistance [on appeal] can serve as a 'cause' excusing a procedural default, the ineffective assistance claim must be raised in the state postconviction proceedings before it can be relied upon in a federal habeas proceeding." *Bailey,* 358 F.3d at 1004; *see also Baldwin*, 541 U.S. at 29. Thus, Gibbons cannot rely on a claim of ineffective assistance of counsel to excuse the procedural default of that ground for his Petition. *Murray*, 477 U.S. at 488; *see also Bailey,* 358 F.3d at 1004. Furthermore, the Court cannot independently identify any cause or prejudice excusing the procedural default.

Likewise, there are no exceptions available to Gibbons under *Knaffla*. "The primary exceptions . . . are where a novel legal issue is presented, or the interest of fairness require relief." *Murphy*, 652 F.3d at 849 (citing *Washington v. State*, 675 N.W.2d 628, 630 (Minn. 2004)). Here, Gibbons's grounds for habeas relief are not novel, nor do any of his arguments suggest that the interest of fairness requires review. As a result, Gibbons's first ground in his Petition is procedurally defaulted; *Knaffla* bars Gibbons's attempt to assert the ineffective assistance of counsel as a ground for habeas relief in his Petition. *Accord Murphy*, 652 F.3d at 848–50; *Brown*, 746 N.W.2d at 642; *Knaffla*, 243 N.W.2d at 741.

In addition, grounds two and three are both unexhausted and procedurally defaulted. The record clearly demonstrates that these grounds have never been raised in any of Gibbons's petitions for postconviction relief. *See generally* (Addendum.) Any

16

attempts to raises these issues would be barred under *Knaffla*, and thus would be procedurally defaulted under Minnesota law. *Accord Murphy*, 652 F.3d at 848–50; *Brown*, 746 N.W.2d at 642; *Knaffla*, 243 N.W.2d at 741. Gibbons does not argue this point, and in fact acknowledges this in his request for leave to amend his Petition. *See, e.g.*, (Mem. in Supp. of Mot. to Consider at 2, 4, 7.) As a result, the Court recommends that Gibbons's Petition be denied.

### C. Motion to Amend

#### 1. Legal Standard

Rule 12 of the Rules Governing Section 2254 Cases states that the Federal Rules of Civil Procedure apply when consistent with the Rules Governing Section 2254 Cases. To that end, "[u]nder [Rule 15(a) of the Federal Rules of Civil Procedure], once a responsive pleading has been filed, a prisoner may amend the petition only by leave of court or by written consent of the adverse party." *Mayle v. Felix*, 545 U.S. 644, 663 (2005) (internal quotation marks omitted).

Rule 15 dictates the leave to amend should be freely given "when justice so requires." *See* Fed. R. Civ. P. 15(a). While Rule 15 is a permissive standard, leave to amend should not be given when there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment[.]" *Foman v. Davis*, 371 U.S. 178, 182 (1962).

#### 2. Analysis

Because the Court concludes that all of Gibbons's grounds for habeas relief are

17

procedurally defaulted under *Knaffla*, Gibbons's Motion to Amend is futile. In other words, this is not a situation in which allowing Gibbons to withdraw unexhausted grounds would allow those withdrawn grounds to form the basis of a future habeas petition. *Cf. Rhines v. Weber*, 544 U.S. 269, 277 (2000). Instead, if Gibbons were to attempt to assert grounds two and three in a subsequent petition for postconviction relief, *Knaffla* would clearly act as a procedural bar, as evidenced by Gibbons's attempt at obtaining postconviction relief with respect to ground one of the instant Petition. *Accord Murphy*, 652 F.3d at 848–50; *Brown*, 746 N.W.2d at 642; *Knaffla*, 243 N.W.2d at 741; *see also* (Addendum at 226.) As a result, the Court recommends that Gibbons's Motion to Amend be denied as futile.

### D. Second Motion to Request Appointment

Furthermore, because the Court recommends that Gibbons's Petition be denied, the Court recommends that his motion to requesting the appointment of experts be denied as moot. Gibbons asks the Court to appoint legal experts to opine as to whether his counsel's conduct was reasonable and to appoint an investigator to obtain an affidavit from his counsel authenticating letters between Gibbons and his counsel. Because the Court recommends that Gibbons's Petition should be dismissed because all of the grounds are procedurally defaulted, none of the information Gibbons seeks by way of this motion is germane to the determination before the Court.

### III.  CERTIFICATE OF APPEALABILITY

A § 2254 habeas corpus petitioner cannot appeal a denial of his petition unless he is granted a Certificate of Appealability ("COA"). 28 U.S.C. § 2253(c)(1); Fed. R. App.

P. 22(b)(1). A COA cannot be granted unless the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

In this case, the Court finds it unlikely that any other court, including the Eighth Circuit Court of Appeals, would decide Gibbons's grounds for federal habeas relief any differently than they have been decided here. Gibbons has not identified (and the Court cannot independently discern) anything novel, noteworthy, or worrisome about this case that warrants appellate review. Therefore, the Court recommends that Gibbons not be granted a COA in this matter.

## IV. RECOMMENDATION

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Petitioner Andrew James Gibbons's Motion to Consider Supporting Memorandum to Respondent's Answer and to Supplement and Amend, in part, the § 2254 Memorandum [Doc. No. 33] be **GRANTED**;

2. Gibbons's Motion to Expand the Record [Doc. No. 30] be **DENIED**;

3. Gibbons's Motion to Accept Amended Pleadings via Local Rule 15.1 (a) and (b) (Amended) [Doc. No. 38] be **DENIED**;

19

4. Gibbons's Motion to Accept Amended Pleadings via Local Rule 15.1 (a) and (b) (Strikethrough) [Doc. No. 39] be **DENIED**;

5. Gibbons's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody ("Petition") [Docs. No. 1, 1-1] be **DENIED**;

6. Gibbons's Motion to Request Appointment of Essential Expert and Investigator [Doc. No. 35] be **DENIED as moot**;

7. This action be **DISMISSED**; and

8. If this Report and Recommendation is adopted, a COA should not issue and judgment should be entered accordingly.

Dated: January 29, 2019

    s/ *Hildy Bowbeer*
HILDY BOWBEER
United States Magistrate Judge

### Notice

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals. Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).