**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Andrew James Gibbons,                    Civil No. 18-914 (DWF/HB)

           Petitioner,

v.                                        **ORDER ADOPTING REPORT**
                                             **AND RECOMMENDATION**

Tom Roy,

           Respondent.

This matter is before the Court upon Petitioner Andrew James Gibbons's ("Petitioner") objections (Doc. No. 49) to Magistrate Judge Hildy Bowbeer's January 29, 2019 Report and Recommendation (Doc. No. 48) insofar as it recommends that: (1) Petitioner's Motion to Consider Supporting Memorandum to Respondent's Answer and to Supplement and Amend, in part, the § 2254 Memorandum be granted; (2) Petitioner's Motion to Expand the Record be denied; (3) Petitioner's Motion to Accept Amended Pleadings via Local Rule 15.1(a) and (b) (Amended) be denied; (4) Petitioner's Motion to Accept Amended Pleadings via Local Rule 15.1(a) and (b) (Strikethrough) be denied: (5) Petitioner's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody ("Petition") be denied; (6) Petitioner's Motion to Request Appointment of Essential Expert and Investigator be denied as moot; (7) this action be dismissed; and (8) a Certificate of Appealability not be issued. Respondent filed a response to Petitioner's objections on February 20, 2019. (Doc. No. 61.)

The factual background for the above-entitled matter is clearly and precisely set forth in the Report and Recommendation and is incorporated by reference for purposes of Petitioner's objections.  In the Report and Recommendation, the Magistrate Judge considered Petitioner's habeas petition under § 2254, and found that none of Petitioner's grounds for habeas relief (which are based on claims of ineffective assistance of counsel) were articulated in his first petition for post-conviction relief and are, therefore, procedurally defaulted.  In addition, the Magistrate Judge carefully considered and found that Petitioner cannot rely on a claim of ineffective assistance of counsel to excuse the procedural default of the grounds for her Petition and that no exceptions to the procedural default are available.  In light of this, the Magistrate Judge recommended that the Petition be denied.

In addition, out of an abundance of caution, the Magistrate Judge considered additional motions filed by Petitioner without first receiving required leave to do so.  As such, the Magistrate Judge recommended denying Petitioner's Second Motion to Expand, denying Petitioner's Motion to Amend as futile, and denying Petitioner's Second Motion to Request Appointment as moot.  Finally, the Magistrate Judge recommended that no certificate of appealability ("COA") be granted because it is unlikely that any other court, including the Eighth Circuit Court of Appeals, would decide Petitioner's grounds for federal relief any differently and Petitioner has not identified anything novel, noteworthy, or worrisome about this case that would warrant appellate review.

Petitioner objects to the Report and Recommendation and separately filed an Application for Certificate of Appealability and a motion for discovery. It appears that the crux of Petitioner's objection rests on the argument that he exhausted his claims, has met a procedural default exception, and that his motion to amend is not futile because he has met a procedural default exception. More generally, Petitioner argues that he should be allowed to expand the record.

The Court has conducted a *de novo* review of the record, including a review of the arguments and submissions of counsel, pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.2(b). After this review, the Court finds no reason that would warrant a departure from the Magistrate Judge's recommendations, which are both factually and legally correct. In particular, the Magistrate Judge correctly concluded that Petitioner's habeas petition should be denied. In addition, a § 2254 petitioner cannot appeal an adverse ruling on his petition unless he is granted a COA. 28 U.S.C. § 2253(c)(1). A COA may issue only if the petitioner has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Here, the Court concludes that Petitioner has not made such a showing.

Therefore, based upon the *de novo* review of the record and all of the arguments and submissions of the parties and the Court being otherwise duly advised in the premises, the Court hereby enters the following:

# ORDER

1.  Petitioner Andrew James Gibbons's objections (Doc. No. [49]) to Magistrate Judge Hildy Bowbeer's January 29, 2019 Report and Recommendation are **OVERRULED**.

2.  Magistrate Judge Hildy Bowbeer's January 29, 2019 Report and Recommendation (Doc. No. [48]) is **ADOPTED**.

3.  Petitioner Andrew James Gibbons's Motion to Consider Supporting Memorandum to Respondent's Answer and to Supplement and Amend, in part, the § 2254 Memorandum (Doc. No. [33]) is **GRANTED**.

4.  Gibbons's Motion to Expand the Record (Doc. No. [30]) is **DENIED**.

5.  Gibbons's Motion to Accept Amended Pleadings via Local Rule 15.1(a) and (b) (Amended) (Doc. No. [38]) is **DENIED**.

6.  Gibbons's Motion to Accept Amended Pleadings (Doc. No. [39]) is **DENIED**.

7.  Gibbons's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody ("Petition") (Doc. Nos. [1, 1-1]) is **DENIED**.

8.  Gibbons's Motion to Request Appointment of Essential Expert and Investigator (Doc. No. [35]) is **DENIED AS MOOT**.

9.  This action is **DISMISSED WITH PREJUDICE**.

10. No Certificate of Appealibility is granted in this matter.

11. Gibbons's Motion to Grant Discovery (Doc. No. [52] is **DENIED**.

12. Gibbons's Motion for Certificate of Appealability (Doc. No. [59]) is

**DENIED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: March 7, 2019          s/Donovan W. Frank
                              DONOVAN W. FRANK
                              United States District Judge