# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Andrew James Gibbons,                           Civil No. 18-914 (DWF/HB)

          Petitioner,

v.                                                                    **ORDER**

Warden Nate Knutson,

          Respondent.

On March 7, 2019, the Court issued an Order Adopting Report and Recommendation, wherein the Court overruled Petitioner Andrew James Gibbons's objections to Magistrate Judge Hildy Bowbeer's January 29, 2019 Report and Recommendation, adopted the Report and Recommendation and, among other things, denied Gibbons's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus. (Doc. No. 63.) As a result, this action was dismissed with prejudice. (*Id*.) On March 8, 2019, judgment was entered. (Doc. No. 64.) On March 11, 2019, Gibbons filed a Motion to Grant Amendment to Objections. (Doc. No. 65.) In this self-styled motion, Gibbons sought permission to correct citations in and to amend certain portions of his prior objection the Report and Recommendation. (Doc. No. 65.) In an order dated March 28, 2019, the Court denied Gibbons's Motion to Grant Amendment of Objections, noting that the submission was untimely and nothing contained in the proposed

amendments would have changed the Court's prior order adopting the Report and Recommendation. (Doc. No. 66.)

On April 4, 2019, Gibbons filed two motions under Rule 60 for relief from final judgment. (Doc. Nos. 67 & 70.) On the same day, Gibbons filed a notice of appeal to the Eighth Circuit Court of Appeals. (Doc. No. 72.) Because Gibbons has filed an appeal challenging this Court's decision in this habeas action, jurisdiction has been transferred to the Court of Appeals. On this ground, alone, Gibbons's motions are properly denied. However, even considering the pending motions on their merits, the Court notes that, while brought within a reasonable time, Gibbons has not set forth "extraordinary circumstances" to justify the relief requested under Rule 60(b)(6). *See, e.g.*, *Gonzalez v. Crosby*, 545 U.S. 524, 532 n.4 (2005). Specifically, Gibbons argues that he did not procedurally default his claim. Gibbons's disagreement with the Court's analysis on this point does not constitute an "extraordinary circumstance." Indeed, he has litigated the issue and can pursue the matter in his appeal.

For the above reasons and based upon the review of the record, all of the arguments and submissions of the parties, and the Court being otherwise duly advised in the premises, the Court hereby **ORDERS** that Gibbons's Motions for Rule 60 Relief (Doc. Nos. [67] & [70]) are respectfully **DENIED**.

Dated:  June 19, 2019            s/Donovan W. Frank
                                           DONOVAN W. FRANK
                                           United States District Judge